UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERICA PAINTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 07 C 1692 |
| | ) | |
| THE MEDICINES COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant The Medicines Company ("Medicines") to dismiss certain claims set forth in the complaint of Plaintiff Erica Painter. For the reasons set forth below, the motion is denied.

## BACKGROUND

According to the complaint, Painter, a registered nurse, worked for Medicines for approximately 4 years beginning in July 2002. In January 2006, she asked to begin working on a part-time basis. The request was approved and was to take effect March 1, 2006. In February 2006, Painter became pregnant. She began her part-time work for Medicines on schedule. A few weeks later Medicines learned of her pregnancy.

Painter alleges that, shortly after learning that she was pregnant, Medicines denied her training and advancement opportunities because of her pregnancy. On May 15, Painter's supervisor informed her that her position was being eliminated, and her employment was terminated on June 30, 2006. On September 11, 2006, Painter filed a charge of discrimination with the Chicago district office of the EEOC. In it, she claimed that Medicines had discriminated against her because of her sex. The charge specifically referred to her pregnancy and the termination of her employment and listed June 30, 2006, as both the earliest and the latest date upon which discrimination occurred. The EEOC issued a right-to-sue letter on the charge on January 11, 2007.

Painter filed suit on March 27, alleging that Medicines violated Title VII, 42 U.S.C. § 2000e *et seq.*, not only by terminating her employment but also by denying her training and advancement in the three months between the time it learned of her pregnancy and her firing. On May 31, Medicines moved to dismiss the allegations of denial of training and advancement opportunities under Fed. R. Civ. P. 12(b)(6) on the ground they are outside the scope of Painter's EEOC charge. On June 5, Medicines answered the complaint, asserting the same ground as an affirmative defense and denying the applicable allegations.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling

on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

A complaint's legal sufficiency is not compromised simply because it does not anticipate or otherwise preemptively address potential defenses. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). If the complaint so unmistakably establishes the presence of a defense that the suit is rendered frivolous, the affected allegations can be dismissed before a responsive pleading is filed. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Otherwise, it is improper to grant a motion to dismiss on the basis that an affirmative defense exists. *See Deckard v. General Motors Corp.*, 307 F.3d 556, 560 (7th Cir. 2002).

With these principles in mind, we consider the instant motion.

## DISCUSSION

In deciding a motion to dismiss, a court typically does not look beyond the complaint and any documents attached to it that are central to the allegations it contains. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). In this case, attached to the complaint were Painter's September 2006 EEOC charge and the right-to-sue letter that the agency issued in January 2007.[1]

Medicines advances a single central argument in its motion: that Painter has not exhausted her administrative remedies with regard to claims of discriminatory treatment other than the termination of her employment. In support of its argument, Medicines relies on the general rule that a Title VII plaintiff cannot bring claims in a suit that are not included in an EEOC charge. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 716 (7th Cir. 2006); *Vela v. Village of Sauk Village*, 218 F.3d 661, 663 (7th Cir. 2000); *Novitsky v. American Consulting Eng'rs, LLC*, 196 F.3d 699, 700 (7th

---

[1] Painter included an EEOC intake questionnaire dated 13 days after her EEOC charge with her response to the motion to dismiss. She requested that we convert the motion to dismiss into a motion for summary judgment and consider the contents of the questionnaire. We are not inclined to do so for two reasons. First, the contents of the questionnaire raise more questions than they answer, and Painter has represented that she has not yet obtained her full EEOC file. Second, the conversion is obviated by our conclusion that, when viewed through a 12(b)(6) lens, the EEOC charge can be read to include Painter's allegations of pretermination discrimination. Needless to say, this conclusion does not forecast Painter's ability or inability to establish facts showing that these allegations are actually within the scope of the charge at a more appropriate time.

Cir. 1999); *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 5000 (7th Cir. 1994). According to Medicines, because Painter specifically mentions the termination of her employment in her EEOC charge and listed only the date of that event, she may only bring suit based on the termination.

We disagree with Medicines that such a strict reading of the contents of the EEOC charge is appropriate at this stage of the proceedings. Several of the cases upon which it relies also acknowledge that in some circumstances allegations not mentioned in the charge can be considered. *Vela*, 218 F.3d at 664; *Cheek*, 31 F.3d at 502; *see also Novitsky*, 196 F.3d at 703 (Rovner, J., concurring) (collecting cases holding that plaintiff could maintain allegations not included in the EEOC charge). Claims not specifically set forth in the charge can still be brought if they are reasonably related to those that are. *See Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985). To be reasonably related, additional allegations must be of the kind that would be expected to explored during the course of the administrative agency's investigation. *See Harper v. Godfrey Co.*, 45 F.3d 143, 148 (7th Cir. 1995). The standard for assessing the scope of a charge provides "significant leeway" to a Title VII plaintiff. Cheek, 31 F.3d at 500.

Painter's charge clearly informed the EEOC (and thus Medicines) that she believed her employer had discriminated against her because of her pregnancy.

Drawing all inferences in Painter's favor, we can envision a scenario where the EEOC's investigation and conciliatory efforts would extend beyond the actual date of termination to events occurring just a few weeks or months before. For purposes of the motion to dismiss, we conclude the allegations of her complaint encompass behavior that could reasonably be expected to grow out of the agency investigation. As a result, they could be reasonably related to the allegations of her charge, and they do not fail to state a claim upon which relief can be granted.

Furthermore, failure to exhaust administrative remedies is an affirmative defense. *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). As a result, whether a plaintiff exhausted her remedies and the legal effect a failure to do so are issues ill-suited to resolution on a 12(b)(6) motion. See id. This point is illustrated by the fact that the lion's share of the cases upon which Medicines relies were decided at the district court level on motions for summary judgment, after full development of the facts of each case. *Vela v. Village of Sauk Village*, 218 F.3d 661, 663 (7th Cir. 2000); *Novitsky v. American Consulting Eng'rs, LLC*, 196 F.3d 699, 700 (7th Cir. 1999); *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 498 (7th Cir. 1994); *Kirk v. Fed'l Prop. Mgmt. Corp.*, 22 F.3d 135, 136 (7th Cir. 1994).

In sum, the complaint does not fail to state a claim upon which relief can be granted with respect to the failure to train claims, and the motion to dismiss is denied.

## CONCLUSION

Based on the foregoing, the motion to dismiss is denied.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:   August 15, 2007